UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE HRASTICH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14-CV-22-JAR ) |
| ADVANCE AUTO PARTS, INC. and JOHN DOE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion For Leave to File First Amended Complaint and Motion to Remand. (Doc. No. 19) Defendant Advance Auto Parts, Inc. ("Advance") filed its response on May 13, 2014. (Doc. No. 22) Plaintiff did not file a reply. The motion is therefore fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**Background**

On October 3, 2013, Plaintiff Michelle Hrastich filed her original Petition in this personal injury products liability action in the Circuit Court of St. Louis County, Twenty-First Judicial Circuit, naming Advance and its employee, whose identity was then unknown, as a "John Doe." (Petition, Doc. No. 5) Advance removed the case on January 8, 2014 based on diversity jurisdiction pursuant to 28 U.S.C. §§1331, 1332, and 1441. (Doc. No. 1) On April 28, 2014, Advance provided its initial disclosures and discovery responses identifying Robert Eddy as the subject employee. (Doc. Nos. 19-1, -2) Plaintiff seeks leave to amend her complaint to substitute Robert Eddy for "John Doe" and for remand to state court based upon a lack of diversity since

1

Eddy is a Missouri resident. Advance does not oppose Plaintiff's motion for leave to amend her complaint; however, Advance opposes her motion to remand as premature, arguing that merely naming Eddy as a defendant does not destroy diversity unless and until he is served and Missouri citizenship is confirmed. (Doc. No. 22)

**Legal Standard**

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir.1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir.2007). The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Carey v. JP Bushnell Packing Supply Co., 2011 WL 6415178, at *2 (E.D. Mo. December 21, 2011) (citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991)). A district court is required to resolve all doubts about federal jurisdiction in favor of remand to state court. In re Business Men's Assur. Co., 992 F.2d at 183; Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997). A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

**Discussion**

Whenever federal jurisdiction in a removal case depends on complete diversity, diversity is determined from the fact of citizenship of the named parties and not from the fact of service. Percherski v. General Motors Corp., 636 F.2d 1156, 1160 (8th Cir. 1981). Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely. Altimore v. Mount Mercy College, 420 F.3d 763, 768-69 (8th Cir.2005) (citing

2

Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990)). For purposes of diversity jurisdiction, the terms "citizenship" and "domicile" are synonymous. Bakhtiari v. Phillips, 2009 WL 3711979, at *1 n 1 (E.D. Mo. Nov. 5, 2009). Once an individual has established his state of citizenship, he is presumed to be a citizen of that state until he legally acquires a new state of citizenship. Yeldell, 913 F.2d at 537. Whether diversity of citizenship exists is determined at the time the suit is filed, and not when the cause of action arose. Altimore, 420 F.3d at 768-69. The district court's "determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact." Blakemore v. Mo.Pac.R.R. Co., 789 F.2d 616, 618 (8th Cir. 1986).

In support of her motion to remand, Plaintiff submits the results of two internet database searches for Robert Eddy listing last known addresses in Missouri. (Doc. No. 19-3) In response to this showing, Advance argues only that internet searches are not conclusive. Advance states that after repeated attempts to contact Eddy, its counsel has been unable to confirm whether or not Eddy is a Missouri resident. (Affidavit of Dan J. Gendreau, Doc. No. 22-1, ¶¶ 3-4)

Although residence alone is not the equivalent of citizenship, the place of residence is prima facie the domicile. Randall v. Evamor, Inc., 2010 WL 1727977, at *2 (E.D. Mo. Apr. 29, 2010) (citing State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994)). See also, Tonnies v. Southland Imports, Inc., 2009 WL 3172565, at *3-4 (E.D.Mo. Sept. 29, 2009) (last-known addresses, as evidence of state of residence, establish presumption of same state of citizenship). There appears to be no doubt that Eddy established citizenship in Missouri. Therefore, Eddy's citizenship remains in Missouri unless and until it is established that he has moved to another state and intends to stay there indefinitely. As discussed above, the party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. Business Men's Assur., 992 F.2d at 183. Advance has not satisfied its burden.

3

Advance has not established that Eddy has left Missouri, or if he has, that he intends to stay wherever he is indefinitely. Consequently, the Court cannot conclude diversity of citizenship exists. Plaintiff's motion to remand will be granted and the case remanded to the St. Louis County (Missouri) Circuit Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Leave to File First Amended Complaint [19] is **GRANTED.** The Clerk of Court is directed to file Plaintiff's proposed First Amended Complaint, submitted as an attachment to her motion for leave. (Doc. No. 19-4)

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand [19] is **GRANTED.** This case is remanded to the Circuit Court of St. Louis County, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 7th day of July, 2014.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE